UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| In Re: Nettie S Drummond, ) | Bankruptcy Case No.: 14-81658-CRJ-13 |
| xxx-xx-7740 ) | Chapter 13 |
| ) | |
| Debtor, ) | Action No: 5:14-cv-02058-LSC |
| ) | |
| Nettie S Drummond, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| LVNV Funding, LLC; ) | |
| Resurgent Capital Services, ) | |
| LP and ) | |
| Susan Gaines, Claim ) | |
| Signatory ) | |
| Defendants, ) | |

**AMENDED COMPLAINT SEEKING DAMAGES IN ADVERSARY PROCEEDING**

**FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

COMES NOW the Plaintiff, in the above styled Adversary Proceeding, by and through her counsel, and pursuant to the provisions of Rule 7015 of the Rules of Bankruptcy Procedure and Rule 15(a)(2) of the Federal Rules of Civil Procedure amends her complaint previously filed herein. The opposing parties in this action have consented in writing to this amendment. The sole purpose for this amendment is to add Resurgent Capital Services, LP as a defendant herein. The Plaintiff's Amended Complaint is set forth below:

**INTRODUCTION**

1. This is an action brought by the Debtor/Plaintiff to object to Defendants' Proof of Claim (Claim Number 3); and to enforce Plaintiff's right to recover actual, statutory, and punitive damages; costs and attorney's fees from the Defendants for their violations as set forth herein.

## JURISDICTION AND VENUE

2. This is a core proceeding as defined by 28 U.S.C. § 157, as this is a matter arising in a case under Title 11.

3. This Court has proper matter jurisdiction pursuant to 28 U.S.C. § 157(b) and § 1334.

4. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. The Plaintiff in this case is a Debtor under Chapter 13 of Title 11 of the United States Code in case number 14-81658, which case is presently pending before this court.

7. The Defendant, LVNV Funding, LLC (hereinafter known as "LVNV") is, upon information and belief, a limited liability company organized under Delaware law. According to the records of the Alabama Secretary of State, LVNV's principal address is 625 Pilot Road, Suite 3, Las Vegas, Nevada 89119 and it may be served through its Registered Agent, CSC Lawyers Incorporating Service, Inc., 150 South Perry Street, Montgomery, Alabama 36104. Defendant, Susan Gaines, is the claim signatory.

8. The Defendant, Resurgent Capital Services, LP (hereinafter known as "Resurgent") is, upon information and belief, a limited partnership organized under Delaware law. According to the records of the Alabama Secretary of State, Resurgent's principal address is 55 Beattie Place, Suite 110, MS 425, Greenville, South Carolina 29601 and it may be served through its Registered Agent, CSC Lawyers Incorporating Service, Inc., 150 South Perry Street, Montgomery, Alabama 36104.

9. Defendants LVNV and Resurgent are consumer debt collectors as defined under 15 U.S.C. § 1692(a) of the FDCPA.

10. Defendant LVNV purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers. http://www.lvnvfunding.com/.

11. Defendant Resurgent is a servicing agent for LVNV and acted in conjunction with LVNV in filing the Proof of Claim which is the subject of this Adversary Proceeding.

12. Defendants LVNV and Resurgent each participated in and contributed to the damages caused to the Plaintiff.

13. All acts done by Defendant LVNV were done on its own behalf and on the behalf of Resurgent.

14. All acts done by Defendant Susan Gaines were in the line and scope of her employment with Resurgent.

15. All acts done by Defendant Resurgent were done on its own behalf and on the behalf of LVNV.

## FACTUAL ALLEGATIONS

16. The Chapter 13 case of the Plaintiff was commenced by the filing of a petition with the Clerk of this Court on June 13, 2014.

17. The 341(a) meeting of creditors was held in Florence, Alabama on July 15, 2014.

18. Proof of Claim number 3 was filed by Resurgent and or LVNV on July 3, 2014, and signed by defendant Susan Gaines.

19. Defendants Resurgent and or LVNV were not listed on the Plaintiff's Chapter 13 mailing matrix but the Plaintiff is of the belief that Resurgent and or LVNV subscribes to a

bankruptcy notification service which flagged the Chapter 13 filing. The Debtor had no knowledge of or prior dealings with Resurgent and or LVNV. It appears that the debt represented by the Proof of Claim described below was either sold, transferred or assigned to Resurgent and or LVNV prior to this case being filed.

20. The Account Detail attached to the proof of claim states:

> **Current Creditor: LVNV Funding, LLC**
> **Acquired by Creditor from: CVF Consumer Acquisitions Company**
> **Charged off by original creditor on: 07/06/2001**
> **Last transaction date: 11/06/2000**

21. The proof of claim, as filed, alleges a last transaction date of 11/06/2000. Pursuant to Alabama Code § 6-2-37, the statute of limitations for collecting this type of debt is three years "from the date of the last item of the account or from the time when, by contract or usage, the account is due." Accordingly, the statute for collecting this debt expired, at the latest, in November 2003.

22. The Debtor alleges that the proof of claim, as filed by Resurgent and or LVNV, is time-barred, is false and fraudulent to the extent that the Debtor does not owe the debt indicated in the claim and has not been filed in accordance with the Official Forms, the Bankruptcy Rules and the Bankruptcy Code.

## CLAIM FOR RELIEF
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ("FDCPA")

23. Plaintiff repeats and realleges the preceding paragraphs as though more fully set forth herein.

24. Plaintiff is a "consumer" pursuant to the definition under 15 U.S.C. § 1692a(3).

25. The Defendants are "debt collectors" pursuant to the definition under 15 U.S.C. § 1692a(6).

26. Defendants allege that Plaintiff owes a "debt" which Defendants have attempted and are attempting to collect by filing Proof of Claim Number 3.

27. In violation of 15 U.S.C. § 1692g(b), Defendants attempted to collect a debt without first obtaining verification of the debt, including the validity of the debt.

28. The acts and omissions by Defendants constitute violations of the FDCPA including, but not limited to, collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and deceptive methods in direction violation of 15 U.S.C. 1692f(1).

29. Plaintiff further relies upon the case of <u>Kimber v. Federal Financial Corp.</u>, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987) which provides that "a debt collector's filing of a lawsuit on a debt that appears to be time-barred, without the debt collector having first determined after a reasonable inquiry that the limitations period has been or should be tolled, is an unfair and unconscionable means of collecting the debt." The rational expounded in <u>Kimber</u> (id.) was applied to the filing of a proof of claim in bankruptcy by the United States Court of Appeals for the Eleventh Circuit in <u>Crawford v. LVNV Funding, LLC, et al.</u> --- F.3d ----, Case No. 13-12389 (11th Cir. Jul. 10, 2014). In <u>Crawford</u>, the court observed that "A deluge has swept through U.S. bankruptcy courts of late. Consumer debt buyers— armed with hundreds of delinquent accounts purchased from creditors—are filing proofs of claim on debts deemed unenforceable under state statutes of limitations." Id. The court concluded that "[the creditor's] filing of a time-barred proof of claim against [the debtor] in bankruptcy was "unfair," "unconscionable," "deceptive," and "misleading" within the broad scope of §1692e and §1692f". Id. "Filing a proof of claim is the first step in collecting a debt in bankruptcy and is, at the very least, an "indirect" means of collecting a debt. See 15 U.S.C. §§ 1692a(6), 1692e, and 1692f". Id. "Just as [the creditor] would have violated

the FDCPA by filing a lawsuit on stale claims in state court, [the creditor] violated the FDCPA by filing a stale claim in bankruptcy court".

30. Defendants' violations include, but are not limited to, engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in direct violation of 15 U.S.C. § 1692d.

31. The foregoing acts and omissions of the Defendants were in bad faith and willfully, knowingly, and/or in gross or reckless disregard of the rights of the Plaintiff.

32. As a result of Defendants' intentional violations of the FDCPA, Defendants are liable to the Plaintiff for actual damages, statutory damages in the amount of $1,000.00, punitive damages, costs of the action and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. § 1692k.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff having set forth her claims for relief against the Defendants respectfully prays of the Court as follows:

- A. For Plaintiff's actual damages;
- B. For punitive damages against Defendants in an amount as to the Court is deemed appropriate;
- C. For such sanctions as the Court may deem just, equitable, and proper to enforce provisions of the Bankruptcy Code;
- D. That the Court award additional actual damages, statutory damages in the amount of $1,000.00, costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. § 1692k;
- E. That Proof of Claim Number 3, as filed herein, be stricken, with prejudice, and that all disbursements made by the Trustee to Defendants be returned;
- F. That the Plaintiff be awarded reasonable attorney's fees and costs associated with the prosecution of this action; and
- G. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 14th day of May, 2015.

/s/ B. Grant McNutt

                                              Attorney for Debtors/Plaintiffs
                                              Bond, Botes, Sykstus, Tanner & McNutt, P.C.
                                              102 S. Court Street
                                              Florence, Alabama 35630
                                              Telephone: (256) 760-1010
                                              Facsimile: (256) 760-1023

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the above and foregoing pleading upon the following by depositing a copy of the same in the United States mail, properly addressed and adequate postage thereon this the 14th day of May, 2015.

LVNV Funding, LLC and Susan Gaines
c/o Neal D. Moore, III, Esquire
Ferguson, Frost, Moore & Young, LLP
P.O. Box 430189
Birmingham, AL 35243

Resurgent Capital Services L.P.
55 Beattie Place, Suite 110 MS 425
Greenville, SC 29601

Resurgent Capital Services L.P.
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104

                                              /s/ B. Grant McNutt
                                              B. Grant McNutt